(C.D. 3632)

C. J. Tower & Sons of Buffalo, Inc. v. United States

United States Customs Court, Second Division

(Decided December 4, 1968)

*James Bostwick* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: The merchandise involved in this case consists of tobacco curing equipment imported from Canada and entered at the port of Buffalo. It was assessed with duty at 19 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified, as articles in chief value of metal, not specially provided for. It is claimed that the merchandise is entitled to free entry under paragraph 1604 of said tariff act, as agricultural implements, not specially provided for.

Counsel for the respective parties have submitted this case on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialled rdw by Import Specialist Richard D. Walton on the invoice covered by the protest, enumerated in Schedule A, attached hereto, and made a part hereof, assessed with duty at 19% ad valorem under the provision in paragraph 397 of the Tariff Act of 1930, as modified, consist of strong wire guard frames, in the shape of a bushel basket, placed over a tobacco stove or burner to prevent direct contact between a fallen leaf and the hot metal, constituting a fire prevention device dedicated to use in the safe operation of tobacco curing stoves or burners, which merchandise is claimed to be entitled to entry free of duty under the provision in paragraph 1604 of the Tariff Act of 1930, as modified, for "parts of" agricultural—implements, not specially provided for. The protest is submitted on this stipulation.

Since, on the record presented, it has not been established that the articles involved herein are chiefly used on farms or by farmers or organizations of farmers, or in the production of food or raiment for man, we hold that they are not entitled to free entry under paragraph 1604 of the Tariff Act of 1930, as agricultural implements, not specially provided for. *United States* v. *Spreckels Creameries, Inc.*, 17 CCPA

400, T.D. 43835; *United States* v. *Boker & Company*, 6 Ct. Cust. Appls. 243, T.D. 35472.

The protest is overruled and judgment will be entered for the defendant.